UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES

V.                                                                                  CRIMINAL NO. 3:10-cr-53-DPJ-FKB

JAMES SMITH

ORDER

This case is before the Court on Defendant James Smith's Motion to Amend Sentencing Order [116]. Smith seeks early termination of his probation. The government opposes the motion [117]. The Court finds that the motion should be denied.

I.      Background

The Government indicted James Smith on several counts of violating 18 U.S.C. § 1001. Smith had altered the driving records of certain commercial driver's license holders. Those records were within the jurisdiction of the Federal Motor Carrier Safety Administration. Smith was convicted on four counts after a jury trial. On November 18, 2011, the Court sentenced him to three years of probation and ordered him to pay a 400 dollar special assessment. Approximately two years into his probation, Smith filed the current motion to amend seeking to terminate the remainder of his probation.

II.     Analysis

The Court has the authority to terminate a term of probation "after considering the factors set forth in section 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In the case of a felony, the defendant must have served at least one year of probation before the Court can grant early termination. *Id.* The statute gives the Court broad discretion to determine whether to grant early termination. *See*

*United States v. Kai Vang*, No. 10–CR–31, 2013 WL 4054701, at *2 (E.D. Wis. Aug. 12, 2013);

*cf. United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998) (finding that the statute granting

authority for early termination of supervised release—which uses the same language as

§ 3564(c)—"confers broad discretion").  Courts have generally held that something more than

compliance with the terms of probation is required to justify early termination; early termination

is usually granted only in cases involving changed circumstances, such as exceptionally good

behavior.  *See, e.g.*, *United States v. Akin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United

States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Jones*, No. V–11–21, 2013

WL 2417927, at *1 (S.D. Tex. June 4, 2013); *United States v. Bailin*, No. 05Cr.48–01(SWK),

2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008); *United States v. Caruso*, 241 F. Supp. 2d

466, 468–469 (D. N.J. 2003) (citation omitted).

Smith has served at least one year of probation, but he has not presented any exceptional

or changed circumstances that would justify early termination of his probation.  His motion

demonstrates only that he has complied with the terms of his probation and maintained

employment.  The Court has considered the § 3553 factors and finds that neither Smith's conduct

nor the interest of justice warrants early termination of his probation.

III.    Conclusion

Based on the foregoing, Smith's motion to amend is denied.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE